## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROBERT RAY YOUNG,**

     **Plaintiff,**

     **v.**                                  **Case No. 15-CV-9269-JAR**

**NICOLE RENNE,**

     **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Robert Ray Young, proceeding *pro se* and *in forma pauperis*, filed this case against Defendant Nicole Renne on September 16, 2015. Plaintiff states that Defendant is the manager or co-owner of the Gladstone Creek Apartments. His Complaint alleges breach of contract and violations of the Fourteenth Amendment to the Constitution, the Americans with Disabilities Act ("ADA"), and the Fair Housing Act ("FHA"). Plaintiff seeks damages in the amount of $7.9 million for pain and suffering, ongoing medical damages, injuries, and punitive damages. Plaintiff's Complaint indicates that he presented his claims to the Missouri Commission on Human Rights and filed a claim with the Missouri Disability Protection Service. He provides his address as being in Gladstone, Missouri, and states that Defendant is a citizen of Missouri. Plaintiff's Complaint lacks any other details about the basis for the lawsuit.

There have been numerous filings in this case's relatively short history. Defendant filed a Motion to Dismiss (Doc. 7) on October 16, 2015. Plaintiff did not file a response, but filed a Motion for Default Judgment and a Motion to Set Aside Defendant's Motion to Dismiss (Doc. 8) on October 19, 2015. Plaintiff filed another document reiterating the Motion for Default Judgment and requesting that the Court appoint counsel (Doc. 10) on November 1, 2015. On November 12, 2015, Plaintiff filed a Motion to Transfer Civil Docket to the United States

District Court, Kansas City, Missouri (Doc. 12). He then filed what appears to be a motion to amend the Complaint (Doc. 13) on December 1, 2015. On February 5, 2016, Magistrate Judge Gerald L. Rushfelt denied Plaintiff's Motion to Appoint Counsel (Doc. 16). Plaintiff filed a document entitled Petition Supportive Civil Claim Housing Discrimination (Doc. 17) on February 9, 2016. Defendant filed a Motion to Strike that document (Doc. 18). On March 31, 2016, Plaintiff filed a motion entitled Civil Claim Jury Trial Procedures Proceed (Doc. 20). The Court addresses the document construed as a Motion to Amend (Doc. 13) in conjunction with Defendant's Motion to Dismiss (Doc. 7) and Plaintiff's Motion to Transfer (Doc. 12). Because the Court dismisses the case, all other pending motions are denied as moot.

## I.     Motion to Dismiss, Motion for Transfer, and Motion to Amend

In her Motion to Dismiss (Doc. 7), Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process; pursuant to Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over Defendant; pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue; and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. The Court finds that the case should be dismissed for lack of personal jurisdiction and improper venue, and declines to reach the questions of sufficiency of service or whether Plaintiff has stated a claim. The Court denies Plaintiff's motions for transfer and to amend.

Because Plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[1] If a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's "failure to cite proper legal authority, his confusion of

---

[1]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[2]  It is not proper, however, for "the district court to assume the role of advocate for the *pro se* litigant."[3]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[4] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[5]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[6]

### A.  Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction over a defendant.[7]  In determining whether a federal court has personal jurisdiction over a defendant in a federal question case, "the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."[8]  No statute authorizes nationwide service of process in this case.  Thus, personal jurisdiction must be established under the Kansas long-arm statute, K.S.A. 60-308(b).[9]

---

[2]*Id.*

[3]*Id.*

[4]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[6]*Hall*, 935 F.2d at 1110.

[7]*Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).

[8]*Dudley v. N. Cent. Reg'l Office*, No. 09-2027-JWL, 2009 WL 2914104, at *2 (D. Kan. Sept. 8, 2009) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).

[9]*Rainy Day Books, Inc. v. Rainy Day Books & Café, L.L.C.*, 186 F. Supp. 2d 1158, 1161 (D. Kan. 2002).

The Kansas long-arm statute is liberally construed to assert personal jurisdiction to the full extent permitted by the due process clause of the Constitution.[10] "Due process requires 'minimum contacts' between the nonresident defendant and the forum state."[11] "Minimum contacts" may be established in two ways, resulting in either specific or general jurisdiction. The court may "assert specific jurisdiction over a nonresident defendant if the defendant has 'purposefully directed' its activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[12] "When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state."[13] General jurisdiction is a more stringent standard than specific jurisdiction, and the plaintiff is required to demonstrate the defendant's "continuous and systematic general business contacts" with the forum state.[14] Even if a defendant's minimum contacts with the forum state are established, the court still must consider whether "the exercise of personal jurisdiction over defendant would offend traditional notions of 'fair play and substantial justice.'"[15]

In the present case, Plaintiff's Complaint states that Defendant resides in Missouri and is the manager or co-owner of an apartment complex in Gladstone, Missouri. There is no

---

[10]*Van Deelen v. City of Kan. City, Mo.*, No. 05-2028, 2006 WL 1301000, at *3 (D. Kan. May 9, 2006).

[11]*Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[12]*Rainy Day Books*, 186 F. Supp. 2d at 1161 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[13]*Id.*

[14]*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[15]*Rainy Day Books*, 186 F. Supp. 2d at 1161 (quoting *Burger King*, 471 U.S. at 476).

indication that she has any contacts at all with Kansas, much less the minimum contacts required to satisfy the standard for either specific or general jurisdiction.  Plaintiff himself appears to be a resident of Missouri, and his case seems to be based on events related to his residence in Missouri.  He states that he filed claims with the Missouri Commission on Human Rights and the Missouri Disability Protection Service, further indicating that the events in question here took place in Missouri, not in Kansas.  The case is therefore subject to dismissal based on lack of personal jurisdiction.

### B.  Venue

Furthermore, venue is not proper in this Court.  Venue "refers to the place where a lawsuit should be brought."[16]  There is no diversity of citizenship in this case, so venue is governed by 28 U.S.C. § 1391(b).  That statute provides that venue is proper in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[17]

Here, Defendant is not a resident of Kansas, nor is she subject to personal jurisdiction in Kansas.  Furthermore, the actions which underlie this case seem to have taken place in Missouri.  Thus, venue is not proper in the District of Kansas.  The decision whether to dismiss a case for improper venue or transfer it is within the sound discretion of the Court.[18]  28 U.S.C. § 1406 states that when a case is filed in the improper district, the court "shall dismiss, or if it be in the

---

[16]*Sheldon v. Khanal*, No. 07-2112-KHV, 2007 WL 4233628, at *2 (D. Kan. Nov. 29, 2007).

[17]28 U.S.C. § 1391(b).

[18]*Witte v. Sloan*, 250 F. App'x 250, 252–53 (10th Cir. 2007) (citing *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006)).

interest of justice, transfer such case to any district or division in which it could have been brought." Plaintiff requests that the Court transfer this case but provides no support for his request.[19] Often, Courts find that transferring a case rather than dismissing it is in the interests of justice if the statute of limitations will preclude the plaintiff from re-filing the case in the proper venue.[20] It does not appear that Plaintiff would be barred by the statute of limitations from filing this suit in the proper district. The Complaint is also bare of factual allegations, making adjudication on the merits impossible in another district. Thus, the Court cannot find that transfer would be in the interests of justice, and Plaintiff's motion for transfer is denied.

### C.  Motion to Amend

Plaintiff filed a document entitled "Amended Motion,"[21] which appears to be a motion to amend the Complaint to add new defendants. Plaintiff lists North Oak Apartment Investors, LLC Owners d/b/a The Creek of Gladstone, Bryan Caton, and Mike Caton, as additional defendants. He provides an address in Lee's Summit, Missouri, for these proposed additional defendants. The addition of these defendants would not cure the jurisdictional or venue-related defects in Plaintiff's Complaint. Indeed, venue would still be improper against these proposed Missouri defendants, and personal jurisdiction would still be lacking without some showing by Plaintiff of the defendants' requisite Kansas contacts. The Court therefore finds that amendment would be futile and denies Plaintiff's motion.

---

[19]Doc. 12.

[20]*McDonald v. Doolittle*, 885 F. Supp. 233, 235 (D. Kan. 1995) (citing *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983)).

[21]Doc. 13.

## II.    Remaining Motions

Because the Court finds that this case should be dismissed, it is not necessary to assess the merits of the remaining pending motions.  Accordingly, they are denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 7) is **granted.**  The case is dismissed without prejudice to refiling in the proper venue.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer (Doc. 12) and his Motion to Amend (Doc. 13) are **denied**.  Plaintiff's Motion for Default Judgment/Set Aside Motion to Dismiss (Doc. 8), his motion seeking appointment of counsel and other relief (Doc. 10), and his motion entitled Civil Claim Jury Trial Procedures Proceed (Doc. 20) are **denied as moot**.  Defendant's Motion to Strike (Doc. 18) is also **denied as moot**.

**IT IS SO ORDERED.**

Dated: July 7, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE